[Cite as *Britton v. Ohio Dept. of Transp.*, 2015-Ohio-4852.]

**IN THE COURT OF CLAIMS OF OHIO**


KYLE BRITTON

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2014-00909-AD

Clerk Mark H. Reed

MEMORANDUM DECISION


{¶1} Plaintiff Kyle Britton filed this claim on November 17, 2014 to recover damages which occurred to his 2007 Chevrolet Cobalt which was damaged as a result of an accident that occurred on October 6, 2014. The Plaintiff, in his complaint, alleges that as he was driving on Alkaline Springs approaching Dixie Drive in Montgomery County, he encountered a flagman in the employ of Barrett Paving Company. Alkaline Springs is a public road maintained by the Ohio Department of Transportation. This flagman then allegedly aggressively waived Mr. Britton to turn right at such an angle that the motorist was forced to strike a guardrail to avoid approaching traffic. Plaintiff's vehicle sustained damages to his right passenger door and rear quarter panel with repair costs in the amount of $2238.52. Plaintiff maintains an insurance deductible of $500.00.

{¶2} In the investigation report filed February 20, 2015, the defendant, Ohio Department of Transportation (ODOT), indicated that the area where plaintiff had his accident was a construction zone. The department had contracted with Barrett Paving Company to do certain construction work on this section of Alkaline Springs near Dixie Drive in Vandalia, Ohio. A copy of that contract was filed with the court as Defendant's Exhibit "B."

{¶3} In construction cases like this one, the court may only pass judgment on whether the plaintiff has shown that ODOT breached its duty to the public in managing the contractor in a reasonable manner and ensuring the safety of the public within the construction zone.

{¶4} As the court considers whether ODOT breached its duty to the public, the court must take into account that the area where the accident occurred was a construction zone. Ohio law is clear that ODOT cannot guarantee the same level of safety during a highway construction project as it can under normal traffic conditions. *Feichtner v. Ohio Dept. of Transp.*(1995), 114 Ohio App. 3d346, 354; *Roadway Express, Inc.* The test is whether, under the totality of the circumstances, "ODOT acted sufficiently to render the highway reasonably safe for the traveling public during the construction project." *Basilone v. Ohio Dept. of Transp.* (Feb. 13, 2001), Franklin App. No. 00AP-811, citing *Feichtner*, and *Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp.* (1988), 49 Ohio App.3d. 129.

{¶5} In this case, there is nothing in the record that would allow the court to find that the department did not act appropriately to keep the construction area reasonably safe. There is no evidence that ODOT knew or should have known about negligent flagging going on in this construction area. The plaintiff did not offer any evidence to counter what was in ODOT's investigation report regarding this element. This is not to say that the alleged action of the flagman was or was not unreasonable. Barrett Paving is an independent contractor and that entity would be responsible for any negligent actions of its employees. However, Barrett Paving is not the defendant here; ODOT is and thus, the court need not decide the issue of any alleged acts of negligence on the part of Barrett Paving.

{¶6} Since the plaintiff is unable to prove that ODOT was negligent in the

management of the contractor during this project, the claim must fail.

**IN THE COURT OF CLAIMS OF OHIO**

KYLE BRITTON

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2014-00909-AD

Clerk Mark H. Reed

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
        MARK H. REED

Clerk

Entry cc:

Kyle Britton
209 Ranchview Drive
Vandalia, Ohio  45377

Jerry Wray, Director
Ohio Department of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio  43223

Filed 4/13/15
Sent to S.C. Reporter 11/24/15